# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

CASSANDRA LEE MORROW                                                                           PLAINTIFF

VS.                                                                    CAUSE NO. 3:13-CV-00276-NBB-SAA

KROGER LIMITED PARTNERSHIP I
and MICKEY MANCINI                                                                          DEFENDANTS

## CONSOLIDATED FOR DISCOVERY WITH

SAVANNAH BARRON                                                                               PLAINTIFF

VS.                                                                      CAUSE NO. 3:13-CV-305-NBB-SAA

KROGER LIMITED PARTNERSHIP I
and MICKEY MANCINI                                                                          DEFENDANTS

## MEMORANDUM OPINION

Came on to be heard this day the motions of the plaintiffs for reconsideration of the court's orders granting summary judgment in favor of defendant Kroger Limited Partnership I ("Kroger") and granting the motions to dismiss of defendant Mickey Mancini. Upon due consideration of the motions and responses, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, Cassandra Lee Morrow and Savannah Barron, were Kroger employees working in the meat and deli departments of the defendant's Hernando, Mississippi store. The plaintiffs allege that defendant and Kroger employee Mickey Mancini sexually harassed them during their employment with Kroger. Morrow alleges that in the summer of 2011 Mancini began harassing her by advancing inappropriate comments, calling and texting after work hours, and by attempting to kiss her and touch her inappropriately. Barron alleges she received similar

unwelcome advances from Mancini after being hired by Kroger in the fall of 2011. Barron states Mancini groped her, advanced inappropriate and unwarranted comments toward her, and texted and called her after hours.

The plaintiffs did not file a complaint with Kroger until August 10, 2012, approximately a year after the alleged harassment. The following day Kroger suspended Mancini and began investigating the plaintiffs' claims. Kroger's human resources department interviewed all witnesses who, according to the plaintiffs, would corroborate their allegations. The investigation revealed that though some of Mancini's actions were inappropriate, none rose to the level of actionable sexual harassment because most of the plaintiffs' allegations could not be corroborated. Kroger wrote Mancini up for his misconduct, a form of punishment Kroger refers to as "a constructive advice." He received an eleven-day unpaid suspension and a warning that if he were to engage in similar conduct in the future, his employment would be terminated. Kroger provided the plaintiffs with three options: (1) remain in the meat department under Mancini, (2) transfer to another department within the Hernando store, or (3) transfer to another Kroger store. Both Morrow and Barron chose to remain in the meat department under Mancini.

The plaintiffs allege they suffered a hostile work environment after the investigation. Morrow contends that the store manager, Ahmad Akbary, verbally reprimanded and criticized her in front of customers, but she concedes that the reprimands were a result of her violating Kroger policy. In September 2012, Barron chose to transfer to the Kroger store in Olive Branch, Mississippi. Barron stated that her reason for doing so was because Mancini showed increasing hostility toward her after her complaints and his reprimand from Kroger. Morrow resigned in December 2012, allegedly as a result of Akbary's treatment.

Morrow filed her complaint against Kroger and Mancini in this court on November 8, 2013. Barron followed on December 13, 2013. The plaintiffs alleged sexual harassment, retaliation, sex discrimination, and constructive discharge against Kroger and intentional interference with contractual relations against Mancini. Kroger subsequently filed motions for summary judgment, and Mancini filed Rule 12(b)(6) motions to dismiss against both plaintiffs.

Finding no genuine issue of material fact, the court granted Kroger's motions for summary judgment. The court granted defendant Mancini's motions to dismiss upon finding that the state law claim against Mancini is preempted by the Labor Management Relations Act ("LMRA"). The plaintiffs have now filed motions to reconsider the court's rulings.

Standard of Review

A district court may alter or amend a final judgment under Rule 59(e) upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law." *Johnson v. Buentello*, No. 3:09cv1023-B, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "A party may not use a Rule 59(e) motion to relitigate issues that 'should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.'" *Id.* (quoting *Peterson v. Cigna Group Ins.*, No. Civ.A 99-2112, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)).

Analysis

The plaintiffs argue that the court erred in finding for Mancini because the plaintiffs' claims for intentional interference with contractual relations, contrary to this court's findings, do

3

not rely on interpretation of the collective bargaining agreement ("CBA") between Kroger and the United Food & Commercial Workers Union, Local 1529, which governed the plaintiffs' employment with Kroger. The plaintiffs argue that the claims are, therefore, not preempted by the LMRA.

In moving the court to reconsider its granting of Mancini's motions to dismiss, the plaintiffs simply attempt to relitigate an issue which the court resolved to the plaintiffs' dissatisfaction. The court found that the claims for intentional interference with contractual relations directly relate to the plaintiffs' employment and would require the court to interpret the plaintiffs' rights under the CBA. When state law claims substantially depend on an "analysis of an agreement between the parties in a labor contract," the claims are preempted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). More specifically, if a state law claim is "inextricably intertwined with the consideration of the terms of the labor contract" or if resolution of the state law claim would "require interpretation of the collective bargaining agreement," the state law claim is preempted. *Thomas v. LTV Corp.*, 39 F.3d 611, 616-17 (5th Cir. 1994). The court found such to be the case for the plaintiffs' claims of intentional infliction with contractual relations, and the plaintiffs have presented no argument in the present motion which would persuade the court to find differently. The plaintiffs' motions to reconsider the court's ruling on Mancini's motions to dismiss should be denied.

Likewise, the court finds that the plaintiffs' motions to reconsider the court's rulings granting summary judgment in favor of Kroger should also be denied. Again, as in the motion to reconsider the Mancini rulings, the plaintiffs present no newly discovered evidence and demonstrate no clear error of law or fact. The plaintiffs argue that in granting Kroger's motions

4

for summary judgment, the court erred in failing to recognize that (1) under *Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013), Kroger could be held liable for its negligence in failing to prevent sexual harassment; (2) under *Vance*, Kroger could be held liable because Mancini had apparent authority to make supervisory decisions; (3) under *Vance*, Kroger could be held liable because Mancini had influence over the store manager; and (4) under *Halliburton, Inc. v. Admin. Review Bd.*, 771 F.3d 254 (5th Cir. 2014), the plaintiffs could show that they had been subjected to an adverse employment action. The second and third arguments are again attempts to relitigate issues that have simply been resolved to the plaintiffs' dissatisfaction. The court has already rejected these arguments, and the plaintiffs have set forth no reason for the court to reverse its decision. The first and fourth arguments, on the other hand, are essentially new arguments, and are therefore inappropriate for a motion to reconsider. The court, however, will briefly address them.

The court found that Kroger was unaware of the harassment of the plaintiffs until almost a year after the harassment began and that once Kroger became aware of Mancini's conduct, it took prompt remedial action, and the harassment stopped. The plaintiffs argue, however, that Kroger could be liable under *Vance* with a showing that it was negligent in failing to prevent the harassment from taking place in the first instance. *See Vance*, 133 S. Ct. at 2453 ("Assuming that a harasser is not a supervisor, a plaintiff could still prevail by showing that his or her employer was negligent in failing to prevent harassment from taking place.").[1] The plaintiffs state that "[i]n granting summary judgment, this Court did not address this aspect of *Vance* . . .

---

[1] The plaintiffs also cite *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) ("An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it.").

5

which makes a defendant liable where its negligence failed to prevent sexual harassment." The court notes that the plaintiffs did not argue this aspect of *Vance* in defending against the defendant's summary judgment motions. The plaintiffs did make a general reference to an employer's duty to exercise reasonable care to prevent sexual harassment, but the authority quoted, *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002), addresses the issue as an affirmative defense (known as the *Ellerth/Faragher* defense[2]) to vicarious liability when no tangible employment action has occurred and in a supervisor, as opposed to co-worker, harassment case. The plaintiffs did not cite *Vance* for the specific proposition argued in the current motion. The plaintiffs' original focus (and their citing of *Vance*) was to convince the court that Mancini was a supervisor. Only now that the court has determined Mancini was not a supervisor, has the plaintiff set forth arguments applicable to a co-worker harassment case. This is not the proper use of a motion to reconsider. A motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).

This court addressed co-worker harassment within a hostile work environment framework in its original opinion granting summary judgment and found that the fifth element required to establish such a cause of action – that the employer knew or should have known of the harassment and failed to take prompt remedial action – could not be met in this case because the plaintiffs did not report the harassment until a year after it occurred. *See Woods v. Delta*

---

[2]*See Ellerth, supra*, and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765. The defense is available only in the absence of a "tangible employment action." *Id.*

*Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001). *Woods*, *Ellerth*, and *Faragher* all address specific harassment directed at the actual plaintiff in a given case – not prior harassment of an employee other than a plaintiff which might arguably have given an employer knowledge of a co-worker's tendency to harass in general and an opportunity to prevent further incidents. While *Vance* does contemplate, in dicta, the ramifications of the latter situation,[3] the plaintiffs did not cite *Vance* for this argument, and even if they had, the court finds no merit to the argument under the facts of this case, as examined below.

In support of their argument, the plaintiffs assert that their co-worker, Billy Luther, made a sexual harassment claim against Mancini in 2011 because Mancini grabbed Luther around the waist and, according to Luther, said he wanted to have sex. Mancini also allegedly pinched Luther's buttocks prior to that incident. Luther alleges that he reported the alleged harassment to the store manager who did nothing. After Luther subsequently contacted Kroger's human resources department to report the harassment, Mancini allegedly told Luther that he should drop the claim or Kroger would fire him.[4] The plaintiffs cite this incident involving Luther as evidence that Kroger "knew about the sexual harassment tendencies of Mancini and had not corrected them." Luther's testimony reveals only that these incidents occurred in 2011.[5] At

---

[3]"Assuming that a harasser is not a supervisor, a plaintiff could still prevail by showing that his or her employer was negligent in failing to prevent harassment from taking place. Evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant." *Vance*, 133 S. Ct. at 2453.

[4]The court again notes that Mancini was not a supervisor but a co-worker. Mancini's allegedly telling Luther that he would be fired, therefore, could at most be deemed merely the opinion of a co-worker and not a threat by his employer.

[5]When referring to Luther's alleged harassment in their briefing, the plaintiffs assert merely that the incident occurred "around 2011."

Luther's deposition, the plaintiffs' attorney stated, "You made a complaint of sexual harassment at Kroger . . . a year before [the investigation following the plaintiffs' August 2012 claim]; is that correct?" Luther answered in the affirmative. Since the plaintiffs' harassment took place in 2011 as well – also approximately a year prior to the investigation of their August 2012 claim – the record is unclear as to whether Luther's harassment even took place prior to the plaintiffs' harassment; and indeed the plaintiffs have directed the court to no evidence conclusively establishing that Luther's alleged harassment took place prior to that asserted by the plaintiffs. Luther's allegations of his own sexual harassment claim, therefore, cannot establish that Kroger "knew or should have known" of Mancini's conduct prior to the plaintiffs' harassment; and, thus, there is no indication that Kroger could have prevented the harassment at issue in the instant case. Further, Luther admits that he withdrew his complaint; thus, Kroger ultimately had no grounds on which to discipline Mancini in regard to Luther's allegations.

The court finds that the incident alleged by Luther does not create a genuine question of fact that would have allowed the plaintiffs to survive summary judgment. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (5th Cir. 1986) (internal citations omitted). Accordingly, this argument does not warrant the court's reversal of its ruling granting summary judgment in favor of Kroger.

Finally, the plaintiffs argue that the court should reconsider its ruling that the plaintiffs failed to show an adverse employment action for purposes of their retaliation claims, in light of *Halliburton, Inc. v. Admin. Review Board*, 771 F.3d 254 (5th Cir. 2014). Principally, the court notes that the plaintiffs did not present the *Halliburton* decision in support of their position

8

during the summary judgment phase of this litigation. As stated above, a motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). Further, the court finds that the record does not support the plaintiffs' contention that the retaliation they allegedly suffered rises to and, as they argue, even beyond that suffered by the whistleblower in *Hallburton*. According to the Fifth Circuit, the employee in *Halliburton* suffered a materially adverse employment action because he was intentionally singled out by his boss with the "imprimatur of differential treatment" and because the employer's "targeted creation of an environment in which the whistleblower is ostracized is not merely a matter of social concern, but is, in effect, a potential deprivation of opportunities for future advancement." *Halliburton*, 771 F.3d at 262. The plaintiffs in the case *sub judice* have presented no set of facts demonstrating the ostracism and potential deprivation of professional advancement opportunities suffered by the *Halliburton* employee. The *Halliburton* decision, therefore, would not change the court's ruling even if it were properly before the court under Rule 59.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motions for reconsideration of the court's orders granting summary judgment in favor of defendant Kroger Limited Partnership I ("Kroger") and granting the motions to dismiss of defendant Mickey Mancini should be denied. A separate order in accord with this opinion shall issue this day.

This, the 29th day of March, 2016.

                                               /s/ Neal Biggers
                                               **NEAL B. BIGGERS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**